The STATE of Ohio, Appellee,

v.

PARKER, Appellant.

[Cite as *State v. Parker,* 178 Ohio App.3d 574, 2008-Ohio-5178.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22422.

Decided Oct. 3, 2008.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Mark J. Keller, Assistant Prosecuting Attorney, for appellee.

Ronald Parker III, pro se.

DONOVAN, Judge.

{¶ 1} Defendant-appellant, Ronald L. Parker III, acting pro se, appeals a decision of the Montgomery County Court of Common Pleas, General Division, which overruled his motion for leave to file a delayed motion for new trial. Parker filed his motion for leave on July 31, 2007, and the trial court filed an entry overruling the motion on August 20, 2007. Parker filed a notice of appeal with this court on September 27, 2007.

I

{¶ 2} On December 30, 2005, Parker was indicted by a Montgomery County grand jury for one count of felonious assault and one count of kidnapping. After a bench trial, Parker was convicted on both counts. The trial court sentenced him to seven years on each count and ordered that the sentences be served consecutively for an aggregate total of 14 years' imprisonment. Parker appealed his conviction and sentence to this court. We affirmed his conviction and sentence in *State v. Parker*, Montgomery App. No. 21599, 2007-Ohio-1512, 2007 WL 949483.

{¶ 3} On July 31, 2007, Parker filed a motion for leave to file a delayed motion for new trial with the trial court. In the motion, Parker claimed that the state's key witness, Amber Wilt, recanted her trial testimony. In an affidavit attached to Parker's motion for leave to file a delayed motion for new trial, Wilt claimed

that she did not know who struck her and that the state essentially coerced her into testifying against Parker. The trial court overruled Parker's motion in a judgment entry filed on August 20, 2007.

{¶ 4} It is from this judgment that Parker now appeals.

## II

{¶ 5} Parker's sole assignment of error is as follows:

{¶ 6} "The trial court erred when it denied defendant-appellant's motion for leave to file [a] delayed motion for new trial."

{¶ 7} In his sole assignment, Parker contends that the trial court erred when it overruled his motion for leave to file a delayed motion for a new trial. In support of his motion for leave, Parker offered the affidavit of Amber Wilt, which he argues directly contradicts the testimony she offered during trial. Parker asserts that the affidavit constituted new evidence that he was unavoidably prevented from discovering prior to trial. Parker claims that had the trial court properly considered the exculpatory nature of the affidavit, the court would have sustained his motion for leave to file a motion for delayed appeal.

{¶ 8} In the affidavit attached to Parker's motion for leave, Wilt averred as follows:

{¶ 9} "2. My testimony in the Montgomery County case of Ronald Parker Case No. 05–CR–5301 was not entirely truthful and I was pressured by the prosecution to tailor my testimony to fit the other testimonies of Molly Cruz and Brandy Matheny. Molly and Brandy told me that if I would testify against 'Slope' (Ronald Parker), we would not have to pay him the money we all owed him. At first it sounded like a good idea, but I changed my mind which is the reason that I wasn't going to show up to testify.

{¶ 10} "3. When I testified Ronald Parker said 'I'm sorry I have to do this,' the truth is that he was taking my crack cocaine from me when someone else hit me on my head.

{¶ 11} " * * *

{¶ 12} "7. Ronald Parker is innocent of the crimes against me.

{¶ 13} " * * *

{¶ 14} "9. On March 6, 2006 the day of trial I refused to come, because as I told the prosecutors I was not 100% sure who did this to me, and I wouldn't put an innocent man behind bars."

{¶ 15} Crim.R. 33(A)(6) permits a convicted defendant to file a motion for a new trial upon grounds that new evidence material to the defense has been

discovered that the defendant could not with reasonable diligence have discovered and produced at the trial. However, such a motion must be filed within 120 days after the day of the verdict, unless the trial court finds by clear and convincing evidence that he was unavoidably prevented from discovering the evidence.

{¶ 16} "In order to be able to file a motion for a new trial based on newly discovered evidence beyond the one hundred and twenty days prescribed in the above rule, a petitioner must first file a motion for leave, showing by 'clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion.'" *State v. Morgan*, Shelby App. No. 17–05–26, 2006-Ohio-145, 2006 WL 93108. "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Walden* (1984), 19 Ohio App.3d 141, 145–146, 19 OBR 230, 483 N.E.2d 859.

{¶ 17} Parker was convicted in April 2006. He did not file his motion for leave to file a delayed motion for new trial until July 31, 2007, well beyond the 120–day limit in Crim.R. 33(A)(6). Thus, Parker was required to establish by clear and convincing evidence that he was unavoidably prevented from discovering the new evidence he relies upon. *State v. Roberts* (2001), 141 Ohio App.3d 578, 582, 752 N.E.2d 331.

{¶ 18} In its judgment entry overruling Parker's motion for leave, the trial court stated the following:

{¶ 19} "It is hereby ORDERED that Defendant's motion for leave to file a delayed motion for a new trial is hereby DENIED pursuant to Crim. R. 33(B) and the reasons set forth in the State's memorandum in opposition to Defendant's motion for leave to file a motion for a new trial in the above captioned matter."

{¶ 20} Although the trial court disposed of Parker's motion for leave in a rather summary fashion, we can find no fault with the court's conclusion that Parker failed to prove by clear and convincing evidence that he was unavoidably prevented from discovering the alleged newly discovered evidence in sufficient time to file a timely motion for a new trial, which is necessary, under Crim.R. 33(A)(6) and 33(B), to excuse an untimely filing.

{¶ 21} After a thorough review of the record, we hold that Parker's conclusory statement that he was unavoidably delayed to be insufficient to demonstrate clearly and convincingly that he could not have discovered this "new" evidence with due diligence. In particular, the affidavit submitted by Parker fails to explain how Wilt's partial recantation came to light or why there was such a long delay in obtaining it. Parker argues that the delay was caused

by the fact that both he and Wilt are currently serving terms of imprisonment in Ohio. The mere fact of Parker's and/or Wilt's incarceration does not amount to clear and convincing evidence that he was unavoidably prevented from discovering the evidence within the time limit. *State v. Smith* (March 27, 1998), Miami App. No. 97–CA–46, 1998 WL 404458. Without more, the trial court properly denied Parker's request for a hearing to present his "new" evidence.

{¶ 22} Further, Wilt's affidavit only amounts to a partial recantation of the testimony she offered at trial. Specifically, Wilt avers that she was "not entirely truthful" when she testified against Parker. She additionally avers that although she does not know who struck her in the head, she is sure that it was not Parker. At best, these statements merely render Wilt's trial testimony suspect. The averments, however, do not completely undermine Wilt's testimony to the extent that they represent a complete recantation of said testimony, nor do they exculpate Parker.

{¶ 23} Lastly, Parker had the opportunity to cross-examine Wilt during trial. Presumably, if Wilt offered false testimony regarding the extent of Parker's involvement in the assault, Parker would have been aware of her dishonesty and been able to question her on that point. Parker had ample opportunity at trial to attempt to discover whether Wilt was coerced by the state into falsely implicating him as her assailant, and there was no reason that Parker could not have attempted to impeach Wilt's testimony and credibility on these points at trial.

{¶ 24} In light of the foregoing, Wilt's affidavit fails on its face to establish by clear and convincing evidence that Parker was unavoidably prevented from discovering the new evidence he relies upon. Thus, the trial court did not abuse its discretion in overruling Parker's motion for leave to file a delayed motion for new trial.

{¶ 25} Parker's sole assignment of error is overruled.

## III

{¶ 26} Parker's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

Judgment affirmed.

FAIN, J., concurs.

GRADY, J., dissents and concurs.

GRADY, Judge, dissenting and concurring.

{¶ 27} I do not agree that defendant Parker failed to demonstrate by clear and convincing evidence that he was unavoidably prevented from filing his motion for a new trial within 14 days after the jury's verdict. Crim.R. 33(B).

{¶ 28} In *State v. Smith* (March 27, 1998), Miami App. No. 97CA46, 1998 WL 404458, an incarcerated defendant filed a motion for new trial out of time, based on newly discovered evidence, which he contended that the state had concealed from him. The trial court denied the motion. We affirmed, finding that the defendant failed to offer evidence of the alleged concealment by the state and, further, that the evidence could have been obtained by the defendant for purposes of trial. Concerning the defendant's additional claim that his incarceration had prevented his timely filing of his motion, we observed that "the fact of his incarceration, without more, does not amount to clear and convincing proof that he was unavoidably prevented from discovering the evidence within the time limitations of Crim.R. 33(B)." Id. at 5.

{¶ 29} In the present case, there is "more"; specifically, defendant's contention that Amber Wilt is also imprisoned, and that he did not receive her affidavit until June 12, 2007, long after the 14–day period in Crim.R. 33(B) had expired. Nevertheless, I agree that the trial court did not abuse its discretion when it denied defendant's motion, for two reasons.

{¶ 30} First, a defendant who moves for a new trial on the basis of newly discovered evidence has the burden to show that the new evidence does not merely impeach or contradict the former evidence offered at trial. *State v. Petro* (1947), 148 Ohio St. 505, 36 O.O. 165, 76 N.E.2d 370. Amber Wilt's statements in her affidavit merely impeach or contradict her trial testimony.

{¶ 31} Second, the newly discovered evidence must disclose a strong probability that it will change the result if a new trial is granted. *Petro.* In our opinion in the prior appeal, *State v. Parker*, Montgomery App. No. 21599, 2007-Ohio-1512, 2007 WL 949483, ¶ 17, we wrote:

{¶ 32} "Wilt had little memory of the events of December 20–21, 2005. She testified that she was in the bedroom of Martine's apartment with others when she heard Parker ask where she was. Parker came in and said, 'I'm sorry I have to do this' and hit her in the head. Wilt's next memory was of waking in the utility closet. Parker came into the closet at one point, laughed, and kicked her in the leg. Although the utility closet door did not have a lock, Wilt did not attempt to leave. She explained that she was scared and 'I didn't know what would happen if I got up and tried to leave.' She next remembered waking in the hospital."

{¶ 33} Other witnesses testified that they saw defendant Parker and another man drag Wilt from the apartment, saw Parker kick Wilt repeatedly, and then saw Parker kick Wilt in the head after he and the other man carried Wilt to another apartment and dropped her on the floor. Id. at ¶ 9. Wilt suffered extensive injuries to her head and face. Id. at ¶ 13. Wilt was unconscious when police found her, and she was hospitalized for three weeks. Id. at ¶ 16.

{¶ 34} As against the evidence of other witnesses presented at trial, Wilt's recantation of her testimony that it was not defendant Parker but his accomplice who first struck Wilt on the head offers no strong probability that it would cause defendant to not be convicted of felonious assault and kidnapping were a new trial to be ordered. *Petro.* Further, Wilt's contention that defendant Parker is "innocent of the crimes against me" is too conclusory to be admissible and need not be considered as new evidence for purposes of Crim.R. 33. Therefore, the trial court did not abuse its discretion when it denied defendant's motion for leave to file a motion for new trial out of time.