[Cite as *State v. Risden*, 2013-Ohio-1823.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

RICKEY L. RISDEN, II


      Defendant-Appellant

Appellate Case No.    25234

Trial Court Case No.   2007-CR-3231

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 3rd day of May, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

RICKEY L. RISDEN, II, Inmate No. 586-389, Lebanon Correctional Institution, P.O. Box 120, Lebanon, OH 45036
      Defendant-Appellant-*pro se*

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}     Defendant-Appellant, Rickey L. Risden, II, appeals the trial court's decision overruling his Motion for Leave to File a Delayed Motion for New Trial on Account of Newly Discovered Evidence Which the Defendant was Unavoidably Prevented From Discovering.[1] Risden claims that the trial court erred and abused its discretion when it overruled the motion without an evidentiary hearing.  Risden also argues that the trial court failed to rule on the Motion for Summary Judgment filed by the Appellee, the State of Ohio.

{¶ 2}     We conclude that the trial court did not err when it overruled Risden's Motion for Leave to Move for New Trial without an evidentiary hearing.  The alleged newly discovered evidence is not credible, and Risden failed to clearly and convincingly prove that he was unavoidably prevented from timely filing a motion for new trial.  We further conclude that the trial court did not fail to rule on the Appellee's Motion for Summary Judgment.  Accordingly, the judgment of the trial court will be affirmed.


## I.   Facts & Course of Proceedings

{¶ 3}     On August 5, 2007, Rickey L. Risden, II, drove to Trotwood with his sister, Amanda, to purchase heroin.  After the heroin was purchased, Risden stopped at a gas station and injected himself with the heroin.  He then continued to drive home and struck a pedestrian. Risden did not stop and help the pedestrian, but immediately left the scene.  Two days later, Risden confessed to a sheriff's deputy that he had struck the pedestrian after taking heroin.  The pedestrian suffered severe injuries and died six weeks later.

---

[1] For purposes of convenience, we will refer to this motion as a Motion for Leave to Move for New Trial.

{¶ 4}    On July 28, 2008, Risden was convicted of one count of Tampering with Evidence, one count of Failure to Stop After an Accident, and two counts each of Aggravated Vehicular Assault and Aggravated Vehicular Homicide.  His conviction was affirmed by this district on March 12, 2010.  *See State v. Risden*, 2d Dist. Montgomery No. 22930, 2010-Ohio-991.

{¶ 5}    On May 27, 2011, Risden filed a Motion for Leave to Move for New Trial on grounds that he recently discovered new evidence, which he claimed entitled him to a new trial. The "new evidence" was an anonymous letter allegedly sent to Risden in prison on March 15, 2011.  The letter indicated that the writer used to work at the Montgomery County Sheriff's Office and that documents used in the investigation and prosecution of Risden's case were back-paged.  The writer explained that back-paging occurs when a back jurat page is signed by a notary public and  documents produced later in time are attached to it.  The writer only generally referred to the alleged back-paged documents and none of the documents were attached with the letter. Accompanying the letter was a standard, white envelope with a hand-written address and return address.  The letter was addressed to Risden at the Warren County Correctional Institution.  The handwritten return address listed the address of the Montgomery County Sheriff's Office.

{¶ 6}    After Risden allegedly received the letter, he claims that he reviewed all of the documentation in his case file and surmised that the search warrants and autopsy reports were back-paged. He based this assertion on varied font styles and signature dates.   Risden claims that he did not receive a fair trial as a result of the allegedly fraudulent, back-paged documentation.

{¶ 7}    In his Motion for Leave to Move for New Trial, Risden argued that he was

unavoidably prevented from timely discovering the back-paging due to the arrival date of the letter. He claimed that the letter qualified as newly discovered evidence that entitled him to a new trial under Crim.R. 33. In support of his argument, he attached his own affidavit and 23 exhibits. The exhibits included copies of: the allegedly back-paged documentation; correspondence from the prosecutor's office providing Risden with the names of former Montgomery County Sheriff's Office employees; and the anonymous letter of March 15, 2011.

{¶ 8} In response to Risden's Motion for Leave to Move for New Trial, Plaintiff-Appellee, the State of Ohio, filed a Motion for Summary Judgment under the post-conviction relief statute, R.C. 2953.21. Risden then filed a Memorandum Contra Plaintiff's Motion for Summary Judgment. On May 7, 2012, the trial court overruled Risden's Motion for Leave to Move for New Trial on grounds that the alleged new evidence lacked the credibility necessary to warrant an evidentiary hearing. Risden appealed the trial court's decision.

## II. Did the Trial Court Err in Overruling Appellant's Motion for Leave to Move for New Trial Without an Evidentiary Hearing and Fail to Rule on Appellee's Motion for Summary Judgment?

{¶ 9} Risden states the following as his sole Assignment of Error:

The Trial Court Erred and Abused its Discretion by Overruling/Denying Appellant's Motion Without an Evidentiary Hearing, and Not Ruling on [sic] Summary Judgment Motion.

{¶ 10} Under this assignment of error, Risden claims that the trial court abused its discretion when it overruled his Motion for Leave to Move for New Trial without an evidentiary

hearing, because it failed to determine whether he was unavoidably prevented from discovering the new evidence at issue. He also argues that the trial court failed to rule on Appellee's Motion for Summary Judgment. We will begin our analysis with the first part of Risden's assignment of error concerning the Motion for Leave to Move for New Trial.

{¶ 11} "We review the trial court's denial of leave to file a motion for a new trial for an abuse of discretion. An abuse of discretion occurs when the decision of a court is unreasonable, arbitrary or unconscionable." (Citations omitted.) *State v. Lanier*, 2d Dist. Clark No. 2009 CA 84, 2010-Ohio-2921, ¶ 18.

{¶ 12} Crim.R. 33 sets forth the grounds for granting a new trial and the procedure a defendant must use when filing a motion for new trial. The applicable ground in the case before us is found in Crim.R. 33(A)(6), which " 'permits a convicted defendant to file a motion for new trial upon grounds that new evidence material to the defense has been discovered that the defendant could not with reasonable diligence have discovered and produced at trial.' " *Lanier* at ¶ 14, quoting *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶ 15 (2d Dist.).

{¶ 13} Crim.R. 33(B) requires that a motion for new trial on account of newly discovered evidence "shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * *." Crim.R. 33(B). "A defendant who seeks a new trial after the 120-day time period must first obtain leave from the trial court, demonstrating 'by clear and convincing evidence that he or she was unavoidably prevented from timely filing the motion for a new trial or discovering the new evidence within the time period provided by Crim.R. 33(B).' " *Lanier* at ¶ 15, quoting *State v. Warwick*, 2d. Dist Champaign No. 01CA33, 2002-Ohio-3649.

Accordingly, "[t]he procedure for handling a delayed motion for new trial on account of newly discovered evidence is a two-step process." (Citations omitted.) *State v. York*, 2d Dist. Greene No. 2000 CA 70, 2001 WL 332019, *2 (April 6, 2001). A defendant "must first obtain leave to file such motion. After he obtains leave, he has seven days to file his motion for a new trial." (Citation omitted.) *Id.*

{¶ 14}    When a defendant attempts to offer new evidence after the 120-day time limit has passed, the defendant must establish: "(1) that it is new evidence; (2) that he was unavoidably prevented from discovering within the time limit; (3) that it is based on fact; and (4) that the evidence is being proffered in good faith." *State v. Beavers*, 2d Dist. Montgomery No. 22588, 2009-Ohio-5604, ¶ 27, citing 2 Baldwin's Ohio Practice, Section 79:9. Accordingly, the credibility of the new evidence must be assessed. *Id.* at ¶ 27, citing *State v. Martin*, 2d Dist. Montgomery No. 20383, 2005-Ohio-209, ¶ 16.

{¶ 15}    In this case, Risden did not meet the 120-day filing deadline set forth in Crim.R. 33(B) because he allegedly received the "new evidence," i.e. the anonymous letter, three years after his conviction. As a result, he complied with the initial procedural requirements of Crim.R.33(B) and filed a Motion for Leave to Move for New Trial on grounds that new evidence was discovered. Because the procedural requirements are satisfied, we will next consider whether the evidence is credible.

A.   The Alleged New Evidence Lacks Credibility

{¶ 16}    As was noted, Risden has the burden to show that the alleged new evidence is based in fact and proffered in good faith. *Beavers* at ¶ 27. These "considerations do contemplate some assessment of the credibility of any newly discovered testimony being

offered." *Id.* at *¶ 27*, citing *Martin* at ¶ 16. "Questions of credibility are primarily for the trial court to determine." *Martin* at ¶ 17, citing *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).

In this case, the trial court found that the anonymous letter lacked credibility and was insufficient to warrant a hearing on the Motion for Leave to Move for New Trial. The court found that the letter was not credible because the letter: (1) was not signed; (2) did not state what position the writer held at the Montgomery County Sheriff's Office; (3) only generally refers to the allegedly back-paged documentation; and (4) had none of the back-paged documentation attached. Additionally, the return address on the envelope was from the Montgomery County Sheriff's Office, which the trial court found to be odd considering that the anonymous writer identified himself/herself as a former employee of the sheriff's office.

{¶ 17}  The trial court's credibility determination is based on sound reasoning, and it is not unreasonable, arbitrary or unconscionable. Accordingly, the trial court did not abuse its discretion when it determined that the anonymous letter lacked credibility. Because the alleged new evidence in this case lacks credibility, Risden failed to meet his burden of showing that it was based in fact and submitted in good faith.

B.  Risden Cannot Clearly and Convincingly Prove He Was Unavoidably

Prevented From Discovering the "New Evidence" Within the

Time Limit Set Forth in Crim.R.33(B)

{¶ 18}  Risden is required to show " 'by clear and convincing evidence that he * * * was unavoidably prevented from timely filing the motion for new trial or discovering the new

evidence within the time period provided by Crim.R.33(B).' " *Lanier*, 2d Dist. Clark No. 2009 CA 84, 2010-Ohio-2921, at ¶ 15, quoting *Warwick*, 2d Dist. Champaign No. 01CA33, 2002-Ohio-3649.

{¶ 19} " '[A] party is unavoidably prevented from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' " *Id.*, quoting *State v. Walden,*19 Ohio App.3d 141, 146, 483 N.E.2d 859 (10th Dist. 1984); *State v. Wilson*, 2d Dist. Montgomery No. 23247, 2009-Ohio-7035, ¶ 8.

{¶ 20} In this case, Risden argues that he was unavoidably prevented from timely filing a motion for new trial because he did not learn of the back-paging until he allegedly received the anonymous letter of March 15, 2011, which was three years after his conviction. The only evidence offered in support of this argument is the anonymous letter itself and Risden's self-serving affidavit. Risden also argues that the trial court failed to analyze whether he was unavoidably delayed from filing a motion for new trial.

{¶ 21} We agree that the trial court did not analyze unavoidable delay in its decision overruling the Motion for Leave to Move for New Trial; however, we do not find that this amounts to reversible error. Since the trial court found that the letter lacked credibility, there was no reason to take the next step of determining whether the timing of the letter amounts to clear and convincing proof of unavoidable delay. Accordingly, the trial court's credibility determination obviated the need for an unavoidable delay analysis.

{¶ 22} Even if the trial court had proceeded with the unavoidable delay analysis, the

timing of the letter would not have qualified as clear and convincing proof of unavoidable delay. " 'Clear and convincing proof' is that 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State v. McConnell*, 2d Dist. Montgomery No. 24315, 2011-Ohio-5555, ¶ 14, quoting *State v. Schiebel,* 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990).

**{¶ 23}** Here, Risden seeks to establish that the date he received the letter, (March 15, 2011), unavoidably prevented him from timely filing a motion for new trial. However, because the letter lacks credibility, there is no firm belief or conviction that a former sheriff's office employee actually wrote a letter to Risden. Accordingly, the alleged timing of the letter cannot serve as clear and convincing proof that Risden was unavoidably delayed from filing a motion for new trial within the 120-day time limit, as the letter could have been fabricated at any point in time.

**{¶ 24}** Because the evidence offered in support of finding unavoidable delay lacks credibility, and because Risden cannot clearly and convincingly prove that he was unavoidably prevented from timely filing a motion for new trial, the trial court did not err when it overruled Risden's Motion for Leave to Move for New Trial.

C. The Trial Court Ruled on Appellee's Summary Judgment Motion

**{¶ 25}** The second part of Risden's assignment of error states that the trial court erred by "not ruling on [sic] summary judgment motion." It appears from the record that Risden is referring to the Appellee's Motion for Summary Judgment that was filed in response to Risden's Motion for Leave to Move for New Trial, which is, in essence, a memorandum opposing

Risden's motion. The Appellee filed a motion for summary judgment because it incorrectly framed its pleading under the post-conviction relief statute, R.C. 2953.21, as opposed to Crim.R. 33.[2]

{¶ 26} Regardless of the Appellee's mistake, the trial court ruled on all the pleadings related to Risden's Motion for Leave to Move for New Trial, including the Appellee's Motion for Summary Judgment. The trial court's decision of May 7, 2012 states:

This matter is before the Court on the Motion for Leave to File a Delayed Motion for New Trial on Account of Newly Discovered Evidence Which Defendant was Unavoidably Prevented from Discovering filed by Defendant Rickey L. Risden, II. The Motion for Summary Judgment and Dismissal was filed on June 20, 2011. Defendant's Memorandum Contra Plaintiff's Motion for Summary Judgment and Dismissal Instanter was filed on July 15, 2011. This matter is properly before the court. Decision, Order and Entry (May 7, 2012), Case No.2007-CR-03231, p. 1.

{¶ 27} Accordingly, we find that the trial court ruled on Appellee's Motion for Summary Judgment, and Risden's argument has no merit.

{¶ 28} For the foregoing reasons, we find that the trial court did not err by overruling Risden's Motion for Leave to Move for New Trial without an evidentiary hearing and did not fail

---

[2] Pursuant to R.C. 2953.21(D), in post-conviction relief cases either party may file for summary judgment. However, "the Crim.R. 33(B) procedure for new trial motions exists independently from the R.C. 2953.21 procedure for post-conviction petitions." (Citation omitted.) *State v. Berry*, 10th Dist. Franklin No. 06AP-803, 2007-Ohio-2244, ¶ 5, n.1. When an appellant "couche[s] all of his arguments in the trial court and in [the appellate court] in terms of a Crim.R. 33(B) motion and has addressed only the requirements of that rule, [the appellate court] will treat his motion as a motion for new trial and not as a petition for post-conviction relief." *Id.*

to rule on Appellee's Motion for Summary Judgment. Risden's sole assignment of error is overruled.

### III.   Conclusion

**{¶ 29}**   Having overruled Rickey L. Risden, II's sole assignment of error, we hereby affirm the judgment of the trial court.

. . . . . . . . . . . . .

FROELICH and HALL, JJ., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Rickey L. Risden, II
Hon. Barbara P. Gorman