[Cite as *State v. Mir*, 2013-Ohio-2880.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 MA 210 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DANIYAL MIR | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:            Criminal Appeal from the County Court
                                    No. 4 of Mahoning County, Ohio
                                    Case No. 12 CRB 386

JUDGMENT:                           Affirmed.

APPEARANCES:

For Plaintiff-Appellee:             Atty. Paul J. Gains
                                    Mahoning County Prosecutor
                                    Atty. Ralph M. Rivera
                                    Assistant Prosecuting Attorney
                                    21 West Boardman Street, 6th Floor
                                    Youngstown, Ohio  44503

For Defendant-Appellant:            Atty. Robert J. Rohrbaugh II
                                    Robert J. Rohrbaugh, II, LLC
                                    4800 Market St. Suite A
                                    Boardman, Ohio  44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                    Dated:  June 20, 2013

WAITE, J.

{¶1}  Appellant Daniyal Mir was convicted in Mahoning County Court No. 4 of two counts of domestic violence.  Five months after his conviction, he filed a motion for a new trial.  The motion was based on the affidavit of the victim stating that she was recanting her testimony.  The trial court denied the motion, and Appellant filed this appeal.  It is clear that Appellant's motion for a new trial was based on the alleged discovery of new evidence, and that it was filed beyond the 120-day time limit set by Crim.R. 33(B) for the filing of such motions.  A defendant is permitted to seek leave to file the motion after 120 days if he was unavoidably prevented from the discovery of the new evidence.  Appellant contends that the affidavit of recantation should have been sufficient to grant him a new trial, or at least a hearing on the motion.  Appellant is incorrect.  There is no evidence that Appellant was unavoidably prevented from obtaining the recanted testimony until after the 120-day deadline expired.  Further, the victim's affidavit does not state that Appellant would not have been convicted of the crimes once she changed her testimony.  The record does not support Appellant's arguments and the judgment of the trial court is affirmed.

{¶2}  On April 2, 2012, a criminal complaint was filed against Appellant for two counts of domestic violence, R.C. 2919.25.  The complaint arose out of an incident that occurred on March 31, 2012, in which Appellant choked his girlfriend and threatened her one-year old son.  He was convicted of both counts at a bench trial on April 25, 2012.  The court sentenced him to 180 days in jail on the first count, with 170 days suspended, and 30 days in jail on the second count, with 20 days

suspended, to be served concurrently. There were also fines, court costs, and a no-contact order included in the sentence. No direct appeal was filed.

{¶3} On September 24, 2012, Appellant filed a motion for a new trial. Attached to the motion was an affidavit of the victim, dated August 29, 2012. The affidavit stated that the victim had wanted to dismiss the charges before trial, but that she was afraid of being charged with a crime herself if she changed her testimony. The trial court dismissed the motion without a hearing on October 24, 2012, and this timely appeal followed.

{¶4} The trial court's denial of a motion for new trial based on newly discovered evidence is a final, appealable order. *State v. Brown,* 186 Ohio App.3d 309, 2010-Ohio-405, 927 N.E.2d 1133, ¶17 (7th Dist.).

## ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED ERROR IN OVERRULING APPELLANT'S MOTION WHERE SAID MOTION CONTAINED AN UNCONTROVERTED AFFIDAVIT OF A KEY FACT WITNESS WHO ADMITTING THAT SHE LIED DURING HER TESTIMONY.

{¶5} Appellant believes he should have been given a new trial based on the affidavit of the victim stating that she was changing her testimony. Appellant contends that the affidavit is new evidence that would likely acquit him at trial. Appellant also argues that the motion for a new trial was not untimely because he could not have discovered the evidence before the affidavit was actually written, and that the motion was filed just a few weeks after the affidavit was obtained.

**{¶6}** A motion for new trial based on newly discovered evidence is permitted by Crim.R. 33(A)(6):

A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

* * *

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

**{¶7}** A trial court's decision to grant or deny such a motion will not be reversed on appeal absent an abuse of discretion. *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus. "Likewise, the decision on whether the motion warrants a hearing also lies within the trial court's discretion." *State v. Starling*, 10th Dist. No. 01AP-1344, 2002-Ohio-3683, ¶13; *see also, State v. Smith*, 30 Ohio App.3d 138, 139, 506 N.E.2d 1205 (1986). An abuse of discretion is

more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Keenan*, 81 Ohio St.3d 133, 689 N.E.2d 929 (1989).

{¶8} "The discretionary decision to grant a motion for a new trial is an extraordinary measure which should be used only when the evidence presented weighs heavily in favor of the moving party." *State v. Luckett*, 144 Ohio App.3d 648, 655, 761 N.E.2d 105 (8th Dist.2001).

{¶9} The Ohio Supreme Court has established a six-part test for determining whether a motion for new trial on the grounds of new evidence should be granted: "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. (*State v. Lopa*, 96 Ohio St. 410, 117 N.E. 319, approved and followed.)" *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947), syllabus.

{¶10} A motion for new trial based on newly discovered evidence must be filed within 120 days as set forth in Crim.R. 33(B):

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that

the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

**{¶11}** If the motion is filed beyond the 120-day deadline, the defendant must first seek leave of the trial court to file the motion. *Brown*, *supra*, at ¶23. The motion for leave must establish by clear and convincing evidence that the defendant was unavoidably prevented from filing the motion in a timely manner. *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶16. " '[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' " *Id.*, quoting *State v. Walden*, 19 Ohio App.3d 141, 145–146, 483 N.E.2d 859 (10th Dist.1984).

**{¶12}** Appellant was convicted on April 25, 2012, and filed his motion for a new trial on September 24, 2012. This was more than a 120-day delay, and therefore, Appellant was required to request leave to file a delayed motion for new trial. Appellant did not do so. Instead, he simply filed a motion for a new trial. Appellant's failure to file a motion for leave is reason enough to sustain the trial court's decision. *State v. Tucker*, 8th Dist. No. 95556, 2011-Ohio-4092, ¶29. Even if we were to construe the motion for new trial as a motion for leave to file, there is no evidence in the victim's affidavit or anywhere else in the record establishing that he

was unavoidably prevented from filing the motion earlier. Additionally, the victim's affidavit merely indicates that she will be contradicting some part of her trial testimony; not that Appellant is innocent of the crimes. As noted above, new evidence that merely contradicts prior evidence does not provide a basis for granting a new trial. *Petro, supra*, at syllabus.

{¶13} Appellant contends that the victim's affidavit itself proves that he was unavoidably prevented from earlier discovery of the evidence and that he should have been acquitted. He cites *State v. Wright*, 67 Ohio App.3d 827, 588 N.E.2d 930 (8th Dist.1990), in support. The alleged quotation contained in Appellant's brief is not found in the *Wright* case, nor in any other Ohio case for that matter. Appellant apparently copied some commentary from the Ohio Public Defender's website and attributed it to the *Wright* case. (http://www.opd.ohio.gov/RC_Casebook/new_trial.-htm).

{¶14} Be that as it may, there are some aspects of *Wright* that are worth considering in this appeal. In *Wright*, the defendant was convicted by jury of robbery and aggravated robbery, partly based on the testimony of Michael Hayes, a co-participant in the offense. *Id.* at 829. At some unspecified date after final judgment was rendered, Appellant obtained an affidavit from Mr. Hayes saying that he lied at trial and that Wright was not involved in the bank robbery. Mr. Hayes also delivered a letter to the court stating that Wright did not know until July 3, 1989, about the recanted testimony. Wright filed his motion for new trial on July 21, 1989. The trial court denied the motion, but that decision was reversed by the Eighth District Court of Appeals. The appellate court concluded that the affidavit, on its face, created a

strong probability of a different result, and that the motion was timely because it was filed soon after the new evidence was discovered. The case was remanded to the trial court for an evidentiary hearing on the motion for new trial.

**{¶15}** *Wright* is distinguishable from the instant case for two important reasons. First, Wright actually presented evidence to the trial court that he was unavoidably prevented from discovering the evidence. The recanting witness in *Wright*, Mr. Hayes, provided more than just an affidavit of his recanted testimony. He also delivered a letter stating that the defendant did not know about the recantation until it happened. "In his letter to the trial court accompanying his affidavit, Hayes said that Wright was neither aware of the contents of the affidavit nor aware of the fact that Hayes would be willing to give such an affidavit, until July 3, 1989, the date of the letter and affidavit. Wright's motion for a new trial was filed eighteen days later * * *." *Wright* at 832. In the instant appeal, there is no such letter or any other evidence indicating that Appellant was prevented from discovering that the victim sought to recant her testimony.

**{¶16}** Second, the affidavit in *Wright* was not simply evidence that would contradict the evidence at trial. It amounted to evidence of the defendant's innocence. *Id.* at 831. In the matter at hand, however, the affidavit of the victim merely states that "reflection with a clear head removed from the passion of the situation caused me to reach a different opinion concerning the acts of [the defendant] for which I filed a police report." (8/29/12 Aff., ¶5.) "A different opinion" is not a declaration of Appellant's innocence and could mean almost anything. The affidavit also states that the witness testified in conformity with her police report

rather than as the events "actually occurred." (8/29/12 Aff., ¶7.) Once again, she does not assert that Appellant is innocent, only that she may provide different testimony than what she said at trial. Even assuming that the victim would testify consistent with her affidavit, the record does not establish a strong probability that the outcome of a new trial would be different based on the alleged new testimony.

{¶17} Appellant's arguments are unpersuasive for all the reasons stated above. He failed to file a motion for leave to file his motion seeking a new trial. He failed to establish that he was unavoidably prevented from obtaining the alleged new evidence in his favor. The evidence on which he wished to rely does not establish a strong probability that he was innocent or that the result of the trial would be different. The new evidence apparently merely contradicts at least some of the victim's trial testimony. This is not a sufficient reason to grant a motion for new trial. For all these reasons, the assignment of error is overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.