[Cite as *State v. Parker*, 2013-Ohio-3177.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                        :          C.A. CASE NO.    25518

v.                                               :          T.C. NO.    05CR5301

RONALD L. PARKER III                             :          (Criminal appeal from
                                                            Common Pleas Court)

    Defendant-Appellant                        :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____19th_____ day of _____July_____, 2013.

. . . . . . . . . .

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

RONALD PARKER III, #518-328, Madison Correctional Institute, P. O. Box 740, London, Ohio 43140
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}  Defendant-appellant Ronald L. Parker III, acting pro se, appeals a decision of the Montgomery County Court of Common Pleas dismissing his motion for leave to file a

delayed petition for post-conviction relief without an evidentiary hearing. The trial court issued its decision dismissing Parker's motion on October 24, 2012. Parker filed a notice of appeal with this Court on December 6, 2012, which we allowed in light of the trial court's failure to comply with Civil Rule 58(B).

{¶ 2} On December 30, 2005, Parker was indicted by a Montgomery County grand jury for one count of felonious assault and one count of kidnaping. After a bench trial, Parker was convicted on both counts. The trial court sentenced him to seven years on each count and ordered that the sentences be served consecutively for an aggregate total of 14 years imprisonment. Parker appealed his conviction and sentence to this Court. We affirmed his conviction and sentence in *State v. Parker*, 2d Dist. Montgomery No. 21599, 2007-Ohio-1512 (hereinafter "*Parker I*").

{¶ 3} On July 31, 2007, Parker filed a motion for leave to file a delayed motion for new trial with the trial court. In the motion, Parker claimed that the State's key witness, Amber Wilt, recanted her trial testimony. In an affidavit attached to Parker's motion for leave to file a delayed motion for new trial, Wilt partially recanted her trial testimony against Parker. Specifically, Wilt claimed that she did not know who struck her, and that the State essentially coerced her into testifying against Parker. The trial court overruled Parker's motion in a judgment entry filed on August 20, 2007. Parker appealed the trial court's decision. We affirmed the decision of the trial court, finding that Parker was not unavoidably delayed from discovering the partial recantation by Wilt. *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d (2d Dist.) (hereinafter "*Parker II*").

{¶ 4} Thereafter, Parker filed a petition for post-conviction relief on June 18,

2010, arguing that all of Wilt's original trial testimony was false, thereby causing him to be "falsely imprisoned" based on the averments in Wilt's affidavit that she was not "entirely truthful" when she testified. Parker also argued that the three witnesses who testified against him, Wilt, Brandy Matheny, and Molly Cruz, were motivated to commit perjury in order to eliminate drug debts owed Parker. On July 28, 2010, the trial court dismissed Parker's petition. Parker did not file an appeal from the trial court's decision.

{¶ 5} On August 8, 2012, Parker filed a motion for leave to file a delayed petition for post-conviction relief. Attached to Parker's motion were the affidavits of Amber Wilt and Brandy Matheny, in which both women recant their testimony against Parker and claim that they only testified against him in order to eliminate drug debts they owed to him. The State filed a motion to dismiss Parker's motion on September 6, 2012. On October 24, 2012, the trial court dismissed Parker's motion as untimely and successive pursuant to 2953.23(A)(1).

{¶ 6} It is from this judgment that Parker now appeals.

{¶ 7} Both of Parker's assignments of error being interrelated, they will be discussed together as follows:

{¶ 8} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT-DEFENDANT POST-CONVICTION RELIEF STATING HE DID NOT FULFILL THE OBLIGATIONS OF R.C. § 2953.23."

{¶ 9} "THE TRIAL COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING."

{¶ 10} In his first assignment, Parker contends that the trial court erred when it

overruled his motion for leave to file a delayed motion for post-conviction relief pursuant to R.C. 2953.23(A). In support of his motion for leave, Parker offered the affidavits of Brandy Matheny and Amber Wilt, which he argues directly contradict the testimony they offered during trial. Parker asserts that the affidavits constituted new evidence that he was unavoidably prevented from discovering prior to trial. Parker claims that had the trial court properly considered the exculpatory nature of the affidavits, the court would have sustained his motion for leave to file a motion for delayed post-conviction relief. Parker concedes that his motion is both untimely and successive. Nonetheless, Parker argues that the all of the requirements outlined in R.C. 2953.23 were met

{¶ 11} Initially, we note that we have already considered Wilt's affidavit submitted by Parker in *Parker II.* Specifically, we found that Parker was not unavoidably delayed from discovering the partial recantation by Wilt and affirmed the decision of the trial court overruling his motion for leave to file a delayed motion for new trial. In *Parker II*, we stated as follows:

> After a thorough review of the record, we hold that Parker's conclusory statement that he was unavoidably delayed to be insufficient to demonstrate clearly and convincingly that he could not have discovered this "new" evidence with due diligence. In particular, the affidavit submitted by Parker fails to explain how Wilt's partial recantation came to light or why there was such a long delay in obtaining it. Parker argues that the delay was caused by the fact that both he and Wilt are currently serving terms of imprisonment in Ohio. The mere fact of Parker's and/or Wilt's incarceration does not amount

to clear and convincing evidence that he was unavoidably prevented from discovering the evidence within the time limit. *State v. Smith* (March 27, 1998), Miami App. No. 97-CA-46, 1998 WL 404458. Without more, the trial court properly denied Parker's request for a hearing to present his "new" evidence.

*Parker II*, 178 Ohio App.3d 574, 577-578, at ¶ 21.

{¶ 12} Further, we found that the information in Wilt's affidavit amounted to only a partial recantation of her trial testimony:

Specifically, Wilt avers that she was "not entirely truthful" when she testified against Parker. She additionally avers that although she does not know who struck her in the head, she is sure that it was not Parker. At best, these statements merely render Wilt's trial testimony suspect. The averments, however, do not completely undermine Wilt's testimony to the extent that they represent a complete recantation of said testimony, nor do they exculpate Parker.

*Parker II*, 178 Ohio App.3d 574, 578, at ¶ 22.

{¶ 13} Lastly, we noted that Parker extensively cross-examined Wilt during trial, and therefore had ample opportunity to discover whether she was coerced by the State into falsely implicating him as her assailant. We found there was no reason that Parker could not have attempted to impeach Wilt's testimony and credibility on this point at trial. Thus, Wilt's affidavit failed to establish by clear and convincing evidence that Parker was unavoidably prevented from discovering the new evidence he relied upon in his motion for

leave to file a delayed motion for new trial. Because we already rejected Parker's argument regarding Wilt's affidavit in *Parker II*, he is barred by res judicata from claiming that he was unavoidably prevented from discovering said affidavit, and we will not consider it in the instant case in support of his untimely motion for leave to file a delayed petition for post-conviction relief.

{¶ 14} As previously stated, Parker does not dispute that his motion was not filed in a timely manner pursuant to R.C. § 2953.21(A)(2) which provides in pertinent part:

> Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty [180] days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. ***

{¶ 15} R.C. § 2953.23 prohibits a trial court from entertaining a late petition unless both of the following provisions apply:

> a. either the petitioner shows that he was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief; or subsequent to the period prescribed in [R.C. § 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right; *and*

b. the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted ***.

{¶ 16} A trial court lacks jurisdiction to hear an untimely filed petition for post-conviction relief if the two conditions of R.C. § 2953.23(A)(1) are not satisfied. *State v. Melhado*, 10th Dist. Franklin No. 05AP-272, 2006-Ohio-641. It should be noted that Parker has made no assertion that the U.S. Supreme Court has announced any new state or federal right that would apply retroactively to him. Thus, we need only address whether Parker affirmatively demonstrated that he was unavoidably prevented from discovery of the facts upon which he must rely to present a meritorious claim for relief. R.C. 2953.23(A)(1)(a).

{¶ 17} Upon review, we reject Brandy Matheny's affidavit for essentially the same reasons as we rejected Wilt's affidavit in *Parker II*. Matheny's affidavit fails to establish how Parker was unavoidably prevented from discovering her recantation because it does not explain how the information came to light and/or why there was such a long delay in obtaining it. *Parker II*, 178 Ohio App.3d 574, 577-578, at ¶ 21. The only explanation provided by Parker regarding why he was prevented from discovering Matheny's "false" testimony is that he has been incarcerated since early 2006 and has had no contact with her. The mere fact of Parker's incarceration does not amount to clear and convincing evidence that he was unavoidably prevented from discovering the evidence within the time limit. *Id.;* see also *State v. Smith*, 2d Dist. Miami No. 97-CA-46, 1998 WL 404458 (March 27, 1998). Without more, the trial court properly denied Parker's request for a hearing to present his "new" evidence.

{¶ 18} Moreover, Parker had the opportunity to cross-examine Matheny at trial. If

Matheny offered false testimony regarding the extent of Parker's involvement in the assault, Parker would have been aware of her dishonesty and been able to question her on that issue as it is undisputed that Parker was present when the offenses occurred. Parker had ample opportunity at trial to attempt to discover whether Matheny was coerced by the State into falsely implicating him as Wilt's assailant, and there was no reason that Parker could not have attempted to impeach Matheny's testimony and credibility on these points at trial. Thus, Parker was clearly not unavoidably prevented from discovering Matheny's "new" evidence.

{¶ 19} Significantly, we note that in her affidavit, Matheny does not claim that the prosecutor was aware that she allegedly testified falsely at trial. Evidence of perjury, without proof of knowledge on the part of the prosecution of that perjury, does not implicate constitutional rights and therefore, does not support a petition for post-conviction relief. *State v. Clark*, 2d Dist. Montgomery No. 16463, 1998 WL 271853 (May 29, 1998). Accordingly, Parker has failed to establish that Matheny's recantation amounts to a constitutional error that can be addressed by a petition for post-conviction relief.

{¶ 20} We also note that Matheny's affidavit does not exonerate Parker. In her affidavit, Matheny does not claim that Parker is innocent. Rather, Matheny merely avers that she did not witness Wilt's assault and kidnapping. In light of the foregoing, the trial court did not err when it dismissed his motion for leave to file a delayed petition for post-conviction relief without an evidentiary hearing.

{¶ 21} Parker's first and second assignments of error are overruled.

{¶ 22} All of Parker's assignments of error having been overruled, the judgment of

the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

R. Lynn Nothstine
Ronald Parker III
Hon. Mary L. Wiseman