[Cite as *State v. Videen*, 2017-Ohio-8608.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                              :
                                           :
    *Plaintiff-Appellee*        :      Appellate Case No. 27479
                                           :
v.                                         :      Trial Court Case No. 2011-CR-3378
                                           :
LANCE VIDEEN                               :      (Criminal Appeal from
                                           :      Common Pleas Court)
    *Defendant-Appellant*       :
                                           :

. . . . . . . . . .

O P I N I O N

Rendered on the 17th day of November, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

LANCE VIDEEN, 4831 Northcliff Drive, Apartment 6, Dayton, Ohio 45431
    Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Lance Videen, appeals from the judgment of the Montgomery County Court of Common Pleas overruling his Crim.R. 33 motion for new trial without a hearing. For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On December 7, 2011, Videen was indicted on two counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3). The charges arose after Sergeant Harold Jones of the Riverside Police Department discovered images on Videen's laptop computer depicting naked, prepubescent boys.

{¶ 3} After pleading not guilty to the charges, on February 12, 2012, Videen filed a motion to suppress the images discovered on his computer and the statements he made to Sergeant Jones during a video-recorded interview at the police station. Following a hearing on the matter, the trial court overruled Videen's motion to suppress. The trial court declined to suppress Videen's statements because it found that Videen had been properly advised of his *Miranda* rights and that he knowingly and voluntarily waived them. The trial court declined to suppress the incriminating images discovered on Videen's computer because the court found that Videen had voluntarily consented to the search that yielded the images.

{¶ 4} On April 12, 2012, the case proceeded to a bench trial. At trial, the State presented the testimony of Sergeant Jones and Jones's recorded interview with Videen. Videen did not testify or present any evidence in his defense. Although Videen was

represented by counsel at the suppression hearing, he elected to represent himself at trial with standby counsel present to assist him. With the assistance of standby counsel, Videen moved for a judgment of acquittal under Crim.R. 29, which the trial court denied. Thereafter, on April 18, 2012, the trial court returned a guilty decision on both illegal-use counts. Following a presentence investigation, the trial court sentenced Videen to community control sanctions not to exceed five years and designated him a Tier I sex offender.

{¶ 5} Videen filed an appeal from his conviction and sentence, which we decided on April 5, 2013. *See State v. Videen*, 2013-Ohio-1364, 990 N.E.2d 173 (2d Dist.). In that appeal, we held the trial court correctly concluded that Videen voluntarily consented to the search of his computer. *Id.* at ¶ 19-26. However, we reversed and vacated his conviction for one of the illegal-use counts on grounds that the nude image on which that count was based did not amount to a "lewd exhibition" as is required for convictions under R.C. 2907.323(A)(3). *Id.* at ¶ 28-36. The judgment of the trial court was otherwise affirmed and the matter was remanded for resentencing. *Id.* at ¶ 50. At resentencing, Videen was again sentenced to community control sanctions not to exceed five years and designated a Tier I sex offender.

{¶ 6} Three and half years later, on October 25, 2016, Videen filed a "Motion for Order Vacating Prior Conviction Alternatively, Motion for New Trial." The trial court reviewed the motion as a Crim.R. 33 motion for new trial given that the court found no procedural mechanism permitting the requested vacation of Videen's conviction. Based on that review, the trial court overruled Videen's motion by a written decision filed on January 31, 2017.

{¶ 7} On February 23, 2017, Videen filed a notice of appeal from the trial court's decision overruling his motion for new trial. Following the submission of his appellant brief, Videen filed a motion with this court requesting oral argument. We granted Videen's motion and scheduled oral argument for October 24, 2017. At oral argument, Videen, having discharged his retained appellate counsel, represented himself pro se. During his pro se oral argument, Videen referred to matters and alleged facts that are outside the record of this case. Because an appellate court may only consider matters contained in the record, we are not permitted to consider the matters and facts raised by Videen during his oral argument. *See State v. Simpson*, 2d Dist. Montgomery No. 25202, 2013-Ohio-1695, ¶ 19 (" '[T]his court is unable to consider any evidence not considered by the trial court.' It is axiomatic that an appellate court will not consider matters outside of the appellate record."), quoting *Dayton v. Turic*, 2d Dist. Montgomery No. 20149, 2005-Ohio-131, ¶ 8, quoting *Alex-Bell Oxford Limited Partnership v. Woods*, 2d Dist. Montgomery No. 16038, 1998 WL 289028, * 4 (June 5, 1998). (Other citation omitted.) Moreover, this appeal is restricted to the procedural issues raised by the parties in their respective appellate briefs.

**Assignment of Error**

{¶ 8} In support of his appeal, Videen raised a single assignment of error for this court's review. Under his assignment of error, Videen contends that the trial court's decision overruling his "Motion for Order Vacating Prior Conviction Alternatively, Motion for New Trial" without a hearing constitutes an abuse of discretion. We disagree.

{¶ 9} As a preliminary matter, we note that Videen does not claim the trial court

erred in reviewing his motion solely as a Crim.R. 33 motion for new trial. Such a review was appropriate since Videen's motion does not provide any authority for vacating his conviction and only cites Crim.R. 33(A)(6) and R.C. 2945.79(F) as grounds for receiving a new trial.

{¶ 10} R.C. 2945.79(F) provides that:

A new trial, after a verdict of conviction, may be granted on the application of the defendant for any of the following causes affecting materially his substantial rights:

* * *

(F) When new evidence is discovered material to the defendant, which he could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing of said motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as under all the circumstances of the case is reasonable. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

{¶ 11} Similarly, Crim.R. 33(A)(6) provides that:

A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

* * *

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

**{¶ 12}** Pursuant to Crim.R. 33(B), motions for new trial based on newly discovered evidence "shall be filed within 120 days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived." Similarly, motions based on other sections of the rule, i.e., Crim.R. 33(A)(1) through (5), must be filed within 14 days after the verdict or trial court's decision was rendered. Crim.R. 33(B).

**{¶ 13}** In order to file a motion for new trial after the expiration of the time periods specified in Crim.R. 33(B), a defendant must first seek leave of the trial court to file a delayed motion. *State v. Lanier*, 2d Dist. Clark No. 2009 CA 84, 2010-Ohio-2921, ¶ 15, citing *State v. Warwick*, 2d Dist. Champaign No. 01CA33, 2002 WL 1585663, *2 (July 19, 2002); *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶ 16 (2d Dist.). "To obtain leave, defendant must demonstrate by clear and convincing evidence that he or she was unavoidably prevented from timely filing the motion for a new trial or discovering the new evidence within the time period provided by Crim.R. 33(B)."

(Citations omitted.) *Warwick* at *2. "A defendant is entitled to a hearing on a motion for leave to seek a new trial if he submits documents that on their face support his claim of being unavoidably prevented from meeting Crim.R. 33's time requirement." *State v. Hiler*, 2d Dist. Montgomery No. 27364, 2017-Ohio-7636, ¶ 12, citing *Lanier*, at ¶ 16.

**{¶ 14}** " '[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' " *Parker* at ¶ 16, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984). "[A] defendant fails to demonstrate that he or she was unavoidably prevented from discovering new evidence when he would have discovered that information earlier had he or she exercised due diligence and some effort." *State v. Lenoir*, 2d Dist. Montgomery No. 26846, 2016-Ohio-4981, ¶ 24, citing *State v. Metcalf*, 2d Dist. Montgomery No. 26101, 2015-Ohio-3507, ¶ 11, citing *Warwick*.

**{¶ 15}** "A trial court's decision on a Crim.R. 33 motion for a new trial will not be reversed absent an abuse of discretion." *State v. Gillispie*, 2d Dist. Montgomery No. 24456, 2012-Ohio-1656, ¶ 31, citing *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus; *State v. Matthews*, 81 Ohio St.3d 375, 378, 691 N.E.2d 1041 (1998). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**{¶ 16}** In overruling Videen's motion for new trial, the trial court found that Videen's

motion was filed beyond the 120-day time limitation that applies to motions based on newly discovered evidence under Crim.R. 33(A)(6). To the extent that Videen's motion may have implicated sections (1) through (5) of Crim.R. 33(A), the trial court also held that the motion was filed beyond the 14-day time limitation applicable to those sections. In addition, the trial court found that Videen failed to provide clear and convincing proof that he was unavoidably prevented from timely filing his motion and from discovering the alleged new evidence on which his motion is based.

{¶ 17} Having reviewed the record, we find no abuse of discretion in the trial court's decision. The record indicates that Videen filed his motion for new trial on October 25, 2016, four and a half years after the trial court issued its guilty decision on April 18, 2012. Accordingly, it is clear that Videen filed his motion well beyond the time limitations provided for in Crim.R. 33(B). Despite his untimeliness, Videen never filed a motion for leave to file out of time and never provided the trial court with a reason, let alone clear and convincing proof that he had been unavoidably prevented from filing his motion in a timely fashion. Accordingly, a hearing on the untimely motion was not required.

{¶ 18} In addition to its untimeliness, Videen's motion for new trial is not based on any newly discovered evidence. In the motion, Videen argued that there *may* be a video or audio recording of police officers questioning him in the back of a cruiser, and that he never received a copy of the purported recording for trial. However, because Videen admitted that the existence of any such recording is unknown, it cannot be said that he discovered any new evidence for trial. Moreover, if any such recording did exist, there was nothing preventing Videen from attempting to locate it prior to trial or within 120 days of being found guilty.

{¶ 19} Videen raised several other issues in his motion for new trial that the trial court found irrelevant to the pertinent decisions it made, those decisions being that the search of Videen's computer was constitutional and that his possession of the images in question violated R.C. 2907.323(A)(3). After thoroughly reviewing the issues raised by Videen, we again find no abuse of discretion in the trial court's finding. The various issues in Videen's motion are indeed irrelevant and are of such a nature that Videen would have been aware of them prior to or during his trial. As a result, Videen cannot establish that he was unavoidably prevented from discovering the issues for purposes of filing his untimely motion for new trial.

{¶ 20} We further find that the issues raised by Videen are barred by res judicata, as he could have raised them in his prior direct appeal. *See State v. Russell*, 10th Dist. Franklin No. 04AP-1149, 2005-Ohio-4063, ¶ 6-7 (affirming denial of appellant's motion for new trial, without a hearing, based on res judicata); *State v. Butler*, 2d Dist. Clark No. 2717, 1991 WL 116659, *1 (June 26, 1991) (finding res judicata barred appellant from raising issues in his motion for new trial that could have been raised in his direct appeal).

{¶ 21} Given that we find no abuse of discretion in the trial court's decision overruling Videen's motion for new trial, Videen's sole assignment of error is overruled.

## Conclusion

{¶ 22} Having overruled Videen's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Lance Videen
Hon. Erik Blaine
Charles W. Slicer, III