[Cite as *State v. Henry*, 2019-Ohio-3645.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ELVIS HENRY,

Defendant-Appellant.

**OPINION AND JUDGMENT ENTRY**
Case No. 18 JE 0019

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 15-CR-120(A)

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

**JUDGMENT:**
Affirmed.

*Atty. Jane M. Hanlin*, Jefferson County Prosecutor, and *Atty. Samuel Pate,* Assistant Prosecuting Attorney, Jefferson County Justice Center, 16001 State Route 7, Steubenville, Ohio 43952, for Plaintiff-Appelle and

*Elvis Henry,* Pro Se, #A681-842, Belmont Correctional Institution, P.O Box 540, Saint Clairsville, Ohio, 43950, Defendant-Appellant.

Dated: September 6, 2019

_____

**D'APOLITO, J.**

{¶1} Pro se Appellant, Elvis Henry, appeals from the September 11, 2018 judgment of the Jefferson County Court of Common Pleas, denying his Crim.R. 33 motion for new trial without a hearing. On appeal, Appellant argues the trial court abused its discretion in denying his motion on the basis of newly discovered evidence. Because Appellant's argument is barred by res judicata, the trial court's judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

{¶2} Appellant was convicted by a jury of having weapons while under disability and possession of cocaine in excess of 100 grams, which included a major drug offender specification. The indictment and convictions stemmed from the search of a residence located at 740 North Fifth Street in Steubenville, Ohio for which a search warrant was obtained. The basis for the warrant included two controlled buys involving two informants occurring on July 28, 2015.

{¶3} Appellant's convictions were upheld on direct appeal. *State v. Henry*, 7th Dist. Jefferson No. 16 JE 0010, 2017-Ohio-7505 ("*Henry I*").

{¶4} While *Henry I* was pending, Appellant filed a petition for postconviction relief on May 1, 2017. Appellee, the State of Ohio, filed a motion in opposition one week later. On June 14, 2017, the trial court denied Appellant's petition without a hearing.

{¶5} The denial of Appellant's petition for postconviction relief was affirmed by this court. *State v. Henry*, 7th Dist. Jefferson No. 17 JE 0018, 2018-Ohio-787 ("*Henry II*"). Appellant's appeal to the Ohio Supreme Court was denied. *State v. Henry,* 153 Ohio St.3d 1402, 2018-Ohio-2380, 100 N.E.3d 422.

{¶6} While *Henry II* was pending, Appellant filed a Crim.R. 33 motion for leave for new trial contemporaneously with a motion for new trial based on a claim of newly discovered evidence on February 12, 2018. In support of Appellant's motion are affidavits from Michael Shane, a convicted felon and fellow inmate. The State filed a memorandum contra. Appellant filed a reply.

{¶7} On September 11, 2018, the trial court denied Appellant's Crim.R. 33

motion for new trial without a hearing. Specifically, the court denied Appellant's motion "by reason of the fact that these same issues were previously litigated in Defendant's Motion for Post-Conviction Relief filed May 1, 2017 and overruled on June 14, 201[7] and appealed by Defendant on July 12, 2017." (9/11/18 Judgment Entry). Appellant filed the instant appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**A TRIAL COURT ABUSES ITS DISCRETION WHEN IT FAILS TO GRANT A MOTION FOR NEW TRIAL.**

The decision to grant or deny a new trial based upon 'grounds of newly discovered evidence falls within the sound discretion of the trial court.' *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 85, citing *State v. Hawkins*, 66 Ohio St.3d 339, 350, 612 N.E.2d 1227 (1993). Similarly, whether a hearing is warranted is within the trial court's discretion. *State v. Mir*, 7th Dist. Mahoning No. 12 MA 210, 2013-Ohio-2880, ¶ 7. An abuse of discretion means the trial court's decision is unreasonable based upon the record; that the appellate court may have reached a different result is not enough to warrant reversal. *State v. Dixon*, 7th Dist. Mahoning No. 10 MA 185, 2013-Ohio-2951, ¶ 21.

*State v. Kozic*, 7th Dist. Mahoning No. 16 MA 0158, 2017-Ohio-4391, ¶ 6.

**{¶8}** Appellant's February 12, 2018 motion for new trial is based on Crim.R. 33(A)(6). A new trial based on newly discovered evidence should be granted only if the new evidence:

'(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.'

Case No. 18 JE 0019

*State v. Green*, 7th Dist. Mahoning No. 13 MA 120, 2015-Ohio-1118, ¶ 12, quoting *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947).

{¶9}  In this case, the record reveals that Appellant was found guilty of having weapons while under disability and possession of cocaine in excess of 100 grams, which included a major drug specification, following a jury trial in March 2016.  About two years later, Appellant filed a Crim.R. 33 motion for new trial based on a claim of newly discovered evidence in February 2018.  Clearly, Appellant's motion was filed outside the 120-day time limit under Crim.R. 33(B).

{¶10}  Appellant presents his argument that he was not the seller during the controlled buy by way of affidavits from convicted felon and fellow inmate, Michael Shane.  Shane was sentenced on charges relating to the death of the confidential informant utilized in Appellant's case.  Shane claims the second controlled buy took place on July 29, 2015, rather than on July 28, 2015, the date of the search warrant and Appellant's arrest.  Appellant maintains that this "newly discovered evidence" was unattainable due to the ineffectiveness of his trial counsel, thereby entitling him to a new trial.  Similar to the other affidavits relied upon by Appellant in his May 2017 postconviction petition concerning his alibi defense, Shane's affidavits here are likewise not credible.

{¶11}  Appellant again asserts in this appeal that his trial counsel was ineffective for not using videos of the controlled buy at his suppression hearing and at his trial.  At the beginning of the video involving the second controlled buy, Detective Hanlin states the date to be July 28, 2015 at 4:26 p.m. while the timestamp indicates the date as July 29, 2015 at 4:36 p.m.  Nothing in the record establishes that Appellant was unavoidably prevented from discovering the evidence that served as the basis for his motion.  Nothing in Shane's affidavits amounts to "newly discovered evidence."  In fact, Appellant already raised these same issues in *Henry II* and we rejected them.  *See Henry,* 2018-Ohio-787, ¶ 14-15, 20-22, 24-32, 41-42.

{¶12}  Appellant fails to raise different issues in this appeal from what had already been raised and considered by this court in *Henry II.*  Accordingly, these issues are res judicata.  *Green, supra*, at ¶ 9; *State v. Paige*, 7th Dist. Mahoning No. 17 MA 0146, 2018-Ohio-2782, ¶ 18 ("Res judicata bars any claim or defense that was raised or could have been raised in an earlier proceeding[.]")

**CONCLUSION**

{¶13} For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The judgment of the Jefferson County Court of Common Pleas, denying Appellant's Crim.R. 33 motion for new trial without a hearing, is affirmed.

Donofrio, J., concurs.

Waite, P.J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**