[Cite as *State v. Jackson*, 2017-Ohio-1304.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27172 |
| | : | |
| v. | : | Trial Court Case No. 2010-CR-1126 |
| | : | |
| DENNIS D. JACKSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of April, 2017.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
　　　　Attorney for Plaintiff-Appellee

DENNIS D. JACKSON, #645-759, N.C.C.I., P.O. Box 1812, Marion, Ohio 43301
　　　　Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} Dennis D. Jackson appeals pro se from the trial court's June 8, 2016 decision, entry, and order denying his petition for post-conviction relief on the basis of untimeliness.

{¶ 2} In seven interrelated assignments of error, Jackson challenges the trial court's holding that he failed to establish being unavoidably prevented from discovering the facts upon which his post-conviction claims relied. Those assignments of error also address the merits of Jackson's assorted post-conviction claims.

{¶ 3} The record reflects that Jackson was convicted and sentenced in January 2011 on charges of murder, aggravated burglary, aggravated robbery, and a firearm specification. He received an aggregate sentence of 28 years to life in prison. This court affirmed on direct appeal in *State v. Jackson*, 2d Dist. Montgomery No. 24430, 2012-Ohio-2335, overruling 11 assignments of error. Since then, Jackson has pursued various avenues of relief. Of relevance here, he filed a pro se document in the trial court on April 12, 2016 referencing the post-conviction relief statute, R.C. 2953.21, and requesting a new trial. (Doc. # 1). The trial court construed the 42-page document as a statutory petition for post-conviction relief. It concluded, however, that Jackson had not timely filed the petition and had not demonstrated being unavoidably prevented from discovering the facts upon which his five claims for relief depended so as to justify a later filing. On that basis, the trial court denied post-conviction relief without deciding the merits of Jackson's claims.

{¶ 4} On appeal, Jackson does not dispute the trial court's determination that his

pro se filing was a statutory post-conviction relief petition. Under R.C. 2953.21(A)(2), a defendant is required to file such a petition within 365 days after the trial transcript is filed in his direct appeal. A defendant may file his petition after the 365-day time period if he demonstrates that he was unavoidably prevented from discovering the facts upon which his post-conviction claims rely. R.C. 2953.23(A). "The phrase 'unavoidably prevented' means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence." *State v. Rainey*, 2d Dist. Montgomery No. 23851, 2010-Ohio-5162, ¶ 13, quoting *State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶ 19. Moreover, a trial court does not have jurisdiction and cannot consider a late petition unless the petitioner demonstrates he was unavoidably prevented from timely discovery of the facts or there is a new federal or state right that applies retroactively. *State v. Beavers*, 2d Dist. Montgomery No. 20572, 2005–Ohio–1205, ¶ 19.

{¶ 5} Here Jackson did not meet the 365-day time requirement. The trial transcript in his direct appeal was filed in March 2011. Jackson filed his petition more than five years later in April 2016.[1] With regard to the "unavoidably prevented" issue, the trial court concluded that Jackson's petition failed "to demonstrate he was unaware of the facts supporting his post-conviction claims or that he was unable, in the exercise of reasonable diligence, to discover such facts in a sufficiently timely fashion to meet the R.C. 2953.21(A)(2) filing requirement." (Doc. #4). More specifically, the trial court addressed each of Jackson's five claims and reasoned as follows:

---

[1] In its ruling, the trial court stated that Jackson had 180 days to file his petition after the filing of the trial transcript in his direct appeal. Effective March 23, 2015, however, the deadline was changed from 180 days to 365 days. *See State v. Berryman*, 2d Dist. Montgomery No. 26852, 2016-Ohio-3353, ¶ 17, footnote 1. The extension is immaterial here, however, because Jackson filed his petition years beyond either time period.

Though Mr. Jackson's asserted claims in support of post-conviction relief are not particularly coherent, the first four claims relate, in one fashion or another, to Mr. Jackson's assertion that Cincinnati Bell cellular telephone records were obtained illegally, were not timely disclosed, and that Michael Monta, Mr. Jackson's trial attorney, was ineffective regarding the Cincinnati Bell records, or that the Cricket Wireless cellular telephone records obtained by the State were suppressed. The Cincinnati Bell records were an issue at trial as reflected by the appellate decision resulting from Mr. Jackson's appeal of his various convictions. *State v. Jackson*, 2012-Ohio-2335, ¶¶69-75 (2d Dist.). Mr. Jackson, as such, cannot credibly assert he was unaware of the facts relating to the Cincinnati Bell records or was unavoidably precluded from discovering the facts supporting his post-conviction claims which rely, in one way or the other, upon the Cincinnati Bell records.

The Cricket Wireless records were not, to this writer's recollection, a topic upon which trial testimony was received. Nonetheless, the record produced by Mr. Jackson reflects that the State, on June 29, 2010, provided the Cricket Wireless records to Mike Monta, Mr. Jackson's trial attorney. (Ex. D-1 attached to Dennis Jackson's Petition). This, of course, eliminates Mr. Jackson's contention the Cricket Wireless records were suppressed. Mr. Jackson, furthermore, does not explain how he, in the exercise of reasonable diligence, was unavoidably prevented from discovery of the Cricket Wireless records. In short, Mr. Jackson, as it relates to his Cincinnati Bell and Cricket Wireless assertions, has failed in his burden to establish

that this court has the jurisdictional ability to entertain his petition seeking post-conviction relief.

Mr. Jackson's fifth ground for post-conviction relief is styled as "Integrity of the Court." Mr. Jackson asserts, in general, that the Trotwood Police Department, primarily, it seems, through the activity of Detective Mike Pigman and the assigned Assistant Montgomery County Prosecutors, provided and/or allowed false testimony all in degradation of the court's integrity. Mr. Jackson, however, does not explain, since he was present during his trial, why he was unaware of the purportedly false testimony, or why he was unavoidably prevented from discovering such false testimony within the time frame set forth by R.C. 2953.21(A)(2). This court, as such, does not have the jurisdictional ability to review Mr. Jackson's fifth claim for post-conviction relief.

(*Id.* at 2-3).

{¶ 6} Having reviewed Jackson's petition for post-conviction relief and his lengthy appellate brief, we concur in the trial court's observation that his claims "are not particularly coherent." It is clear, however, that Jackson's petition is replete with references to the record below and that his post-conviction claims involve the records mentioned by the trial court, a discovery issue, and a failed motion to suppress. The evidentiary materials accompanying his petition are trial-related documents including a search-warrant affidavit, a copy of a suppression motion and memorandum filed by his trial counsel, continuing-discovery cover letters provided by the prosecutor to his trial counsel, police reports from his case, and his own affidavit. Because Jackson's various

claims are supported by references to the record and by materials that his trial attorney possessed, he has not demonstrated being unavoidably prevented from timely discovering the facts necessary to support his claims. Jackson has failed to establish that he was unaware of the facts and was unable to learn of them through reasonable diligence.

{¶ 7} Jackson's reply brief dispels any possible doubt about the foregoing conclusion. Therein, he admits that all of the supporting evidentiary materials accompanying his post-conviction relief petition were provided to his trial counsel below *and were known to Jackson by 2013*. (Appellant's reply brief at 6). To justify his delay in seeking post-conviction relief between 2013 and April 2016, Jackson explains "that he was in the middle of a Habeas Corpus case stemming from his direct appeal concerning the instant conviction T.C. Case No. 10-CR-1126, from October 2013, until exhausting such in the United States Supreme Court denied in June 2016." (*Id.*). But Jackson's nearly three-year pursuit of habeas relief neither demonstrates that he was unavoidably prevented from discovering the facts necessary to support his post-conviction claims nor otherwise justifies his delay in seeking post-conviction relief.

{¶ 8} For the foregoing reasons, we overrule Jackson's assignments of error, on the basis that his post-conviction relief petition was untimely and the trial court did not have jurisdiction to consider it. We therefore affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Dennis D. Jackson
Montgomery County Common Pleas Court
c/o Hon. Mary K. Huffman, Administrative Judge