[Cite as *State v. Jackson*, 2021-Ohio-3114.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29000 |
| | : | |
| v. | : | Trial Court Case No. 2010-CR-1126 |
| | : | |
| DENNIS DEVONE JACKSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 10th day of September, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

DENNIS DEVONE JACKSON, #A645-759, Southeastern Correctional Institution, 5900 B.I.S. Road, Lancaster, Ohio 43130
      Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Dennis Devone Jackson appeals pro se from an order of the Montgomery County Court of Common Pleas, which overruled two motions: Jackson's motion for the trial court to reconsider its decision on his motion to dismiss, filed on December 26, 2017, and Jackson's motion for a new trial and renewed motion for acquittal, filed on January 11, 2018.   We affirm the judgment of the trial court.

{¶ 2}   Jackson was convicted in January 2011 of murder, aggravated burglary, aggravated robbery, and a firearm specification.   He was sentenced to an aggregate term of 28 years to life in prison.   We affirmed his conviction on direct appeal, overruling 11 assignments of error.   *State v. Jackson*, 2d Dist. Montgomery No. 24430, 2012-Ohio-2335.   Since then, Jackson has pursued various avenues of relief.   *See State v. Jackson*, 2d Dist. Montgomery No. 27272, 2017-Ohio-1304, ¶ 3.

{¶ 3} On October 27, 2017, acting pro se, Jackson filed a motion to dismiss and a notice of his intent to renew his "Motion for Acquittal; Motion to Dismiss."   The trial court overruled the motions, noting that the relief sought by Jackson was similar to previous motions before the court which had been overruled and that Jackson had presented no new additional information for the court to consider.

{¶ 4} On December 26, 2017, Jackson filed a pro se motion asking the court to reconsider its previous decision overruling his "renewed motion to dismiss" and to state its findings on the record.   The motion suggested that his speedy trial rights had been violated.   On January 9, 2018, Jackson filed a motion to dismiss the indictment, and on January 11, 2018, he filed a motion for a new trial and a renewed motion for acquittal. The January 11 motion included multiple attachments, including as Exhibit 01 an order

from the Area One Court of Montgomery County, which was dated March 31, 2010, and captioned "*State of Ohio v. John Doe*." In the order, the Area One Court granted the motion of the Trotwood Police Department for an order compelling Cincinnati Bell Wireless to produce all phone records pertaining to certain phone numbers, finding that the records were "relevant and material to an ongoing investigation of Aggravated Murder." Cincinnati Bell Wireless was specifically ordered to produce the records to Detective Mike Pigman of the Trotwood Police Department.

{¶ 5} In his supporting memorandum, Jackson asserted that the State had failed to obtain a search warrant before obtaining "his call detail records containing Cell Site Location Information ("CSLI")" and used the information from his phone records to obtain his conviction. Citing the testimony of Detective Pigman at trial, Jackson asserted that Exhibit 01 had not been "part of discovery" and that the exhibit established that "a search and seizure ha[d] taken place." According to Jackson, disclosure of the phone records in discovery would have allowed trial counsel to review the phone records and to recall witnesses "to challenge their credibility, as to their actual locations during this crime." Jackson argued that the State used these phone records to place him in the vicinity of the crime, "which weighed heavily on the minds of the jurors."

{¶ 6} Jackson also attached his own affidavit, in which he averred that the State had conducted an illegal search and seizure of his Cincinnati Bell Wireless phone records and had failed to provide documents related to that search (namely, the order requiring Cincinnati Bell Wireless to provide the records to the Trotwood Police Department) in its discovery. Jackson also averred that the State "conducted long term monitoring/tracking" of him for more than 22 days and that it obtained the phone records

without a warrant. Further, Jackson asserted in his affidavit that the State withheld the phone records in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). According to Jackson, the State's disclosure of the phone records for the first time on the last day of trial "present[ed] an irregularity of proceedings" and a "surprise which ordinary prudence could not have guarded against," and the State's misconduct required that the phone records be suppressed and a new trial ordered.

{¶ 7} On January 18, 2018, Jackson moved to supplement his motion to reconsider and requested "Crim.R. 12(F) Findings."

{¶ 8} On April 25, 2018, the court filed an order indicating its intention to decide several pending matters and setting deadlines for the parties to file their responses and replies. Jackson filed a reply to the court's order in May 2018. In June 2018, the State filed a memorandum contra Jackson's motion for new trial and/or motion for acquittal, arguing that the doctrine of res judicata barred Jackson's motions.

{¶ 9} On April 16, 2020, Jackson filed a "Motion to Correct an Illegal/Void Sentence," and on May 26, 2020, Jackson filed a motion for leave to supplement that motion.

{¶ 10} On June 8, 2020, Jackson filed a motion to supplement his January 11, 2018 motion for a new trial and a request for leave to file a delayed motion for a new trial. In his attached affidavit, he asserted that the State had withheld the subpoena to Cincinnati Bell Wireless "knowingly and purposefully," knowing that it "was falsely obtained without [an] affidavit," and thereby prevented him during trial, on appeal, and "during federal review" from presenting evidence of an illegal search and seizure, perjured testimony, and a *Brady* violation. Jackson averred that an evidentiary hearing was

required. Jackson also attached various correspondence to him from the Law Director for the City of Trotwood, from his (Jackson's) appellate counsel, from defense counsel at trial, and from an Assistant State Public Defender.

{¶ 11} On December 11, 2020, the court denied Jackson's April 16, 2020, "Motion to Correct an Illegal/Void Sentence" and his May 26, 2020, motion for leave to supplement that motion. The court treated the motions as seeking postconviction relief and concluded that such relief was barred by res judicata. (The trial court's judgment on these matters is on appeal in a separate case, Montgomery App. No. 29001.) The same day, the court overruled Jackson's December 26, 2017, motion asking the court to reconsider its previous decision overruling his "renewed motion to dismiss" and his January 11, 2018, motion for a new trial and renewed motion for acquittal. The court determined that the relief Jackson sought was similar to the relief sought in his previous motions before the court, which had already been overruled, and that he had presented no new or additional information for the court to consider.

{¶ 12} Jackson appeals pro se from the trial court's order overruling his "Motion(s) for New Trial/Acquittal and Motion(s) to Dismiss." He raises two assignments of error, which we will consider together:

> JUDGE PARKER ABUSED HIS DISCRETION, AND ERRED WHEN HE OVERRULED APPELLANT'S MOTION FOR NEW TRIAL, BEFORE FINDING IF HE HAS PROVIDED CLEAR, AND CONVINCING PROOF THAT HE WAS UNAVOIDABLY DELAYED IN SUBMITTING A TIMELY MOTION.

> DID JUDGE PARKER ABUSE HIS DISCRETION, HOLDING THAT

APPELLANT HAD PRESENTED NO NEW ADDITIONAL EVIDENCE FOR

THE COURT TO CONSIDER?

**{¶ 13}** In his first assignment of error, Jackson asserts that the trial court "erroneously ruled on his motion for a new trial" before addressing his "Motion for request of leave" filed two years later.   He asserts that the court failed to rule on his June 8, 2020 motion, which set forth the reasons for his delayed motion and the newly discovered evidence obtained from a records request.   Jackson asserts that the "trial court did not in any way clarify by name of motion, or date of filing, that motion for leave had been resolved and decided."   He argues that the court's determination that the relief sought was similar to previous motions and that no additional evidence had been presented had been "properly rebutted" by his June 8, 2020 request for leave and the accompanying documents.

**{¶ 14}** In his second assignment of error, Jackson points to Exhibit 01, the Area One Court order which gave the Trotwood Police Department access to certain phone records, to refute the trial court's conclusion that he presented "no additional information" for the court to consider.   Jackson asserts that he had not had any knowledge of the existence of Exhibit 01 and therefore had been prevented from asserting that the phone records had been illegally searched and seized without a warrant, that he had been tracked for more than 21 days without a warrant, and that he had been tracked continuously, 24 hours a day, through cell site location information without a warrant. Further, he argues that he was prevented from challenging whether the State's actions were proper under the Fourth Amendment to the U.S. Constitution and whether the State's failure to disclose information relevant to the case constituted a *Brady* violation.

{¶ 15} The State responds that Jackson has litigated issues related to the Cincinnati Bell Wireless records, and he raises nothing that was not already litigated or that could not have been litigated; therefore, his motion was barred by res judicata. According to the State, Jackson "appears to argue that he could not have previously raised issues related to the order compelling production of records because he never received it in discovery, and it was not entered on the journal of any court," but the State contends "that cannot be true, since Jackson already pressed his various claims" about the phone records. The State directs our attention to *State v. Jackson*, 2d Dist. Montgomery No. 27172, 2017-Ohio-1304, ¶ 5, and it asserts that Jackson is attempting to circumvent the time limits for postconviction relief time by styling his motion as a motion for a new trial.

{¶ 16} The State argues that Jackson's attempt to challenge the admissibility of phone record and tracking evidence was barred by res judicata. The State points out that Jackson's argument does not rely on *United States v. Carpenter*, __ U.S. __, 138 S.Ct. 2206, 201 L.Ed.2d 507 (2018), which was fairly recently decided, and that Jackson "could have litigated any non-*Carpenter* claim on direct appeal." Further, according to the State, Jackson's claim cannot be based on *Carpenter,* because he filed his motion before the Supreme Court decided *Carpenter*; thus, if Jackson's claim were to be considered on the merits, it would fail because "the prevailing case law at the time Jackson filed his motion was that police did not need a search warrant to obtain CSLI [phone records]."

{¶ 17} The State further asserts that, even if *Carpenter* were considered, Jackson's claim would fail because: "(1) *Carpenter* does not apply retroactively to criminal

judgments that are already final; (2) Jackson does not contend that the police obtained his historical CSLI, only that they tracked him in real time; and (3) police obtained the CSLI in good faith reliance on the prevailing case law at the time." The State asserts that *Carpenter* applies retroactively only to criminal judgments that are not final.

{¶ 18} In reply, Jackson asserts that the State has failed to show that Exhibit 01 did not represent newly discovered evidence that was previously undisclosed. He also argues that the issues of unavoidable delay and entitlement to a new trial are "distinct" and "may not be conflated."

{¶ 19} The trial court addressed Jackson's filings of December 26, 2017, and January 11, 2018, in the order from which this appeal arose.

{¶ 20} This Court has previously stated:

"A trial court's decision on a Crim.R. 33 motion for a new trial will not be reversed absent an abuse of discretion." *State v. Gillispie*, 2d Dist. Montgomery No. 24456, 2012-Ohio-1656, ¶ 31, citing *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus; *State v. Matthews*, 81 Ohio St.3d 375, 378, 691 N.E.2d 1041 (1998). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

*State v. DeVaughns*, 2d Dist. Montgomery No. 27727, 2018-Ohio-1421, ¶ 15.

{¶ 21} Pursuant to Crim.R. 33(A), "[a] new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights: * * *

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *."  "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * *."  Crim.R. 33(B). While Jackson asserts that the court failed to initially address his June 8, 2020 motion, which sought leave to file a motion for a new trial, that motion was improperly filed over two years *after* he filed his motion for a new trial.

{¶ 22} This Court has further noted:

> In order to file a motion for new trial after the expiration of the time periods specified in Crim.R. 33(B), a defendant must *first* seek leave of the trial court to file a delayed motion.   *State v. Lanier*, 2d Dist. Clark No. 2009 CA 84, 2010-Ohio-2921, ¶ 15, citing *State v. Warwick*, 2d Dist. Champaign No. 01CA33, 2002 WL 1585663, *2 (July 19, 2002); *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶ 16 (2d Dist.).   "To obtain leave, defendant must demonstrate by clear and convincing evidence that he or she was unavoidably prevented from timely filing the motion for a new trial or discovering the new evidence within the time period provided by Crim.R. 33(B)."   (Citations omitted.)   *Warwick* at *2. "A defendant is entitled to a hearing on a motion for leave to seek a new trial if he submits documents that on their face support his claim of being unavoidably prevented from meeting Crim.R. 33's time requirement." *State v. Hiler*, 2d Dist. Montgomery No. 27364, 2017-Ohio-7636, ¶ 12, citing *Lanier* at ¶ 16.

" '[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' " *Parker* at ¶ 16, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984). "[A] defendant fails to demonstrate that he or she was unavoidably prevented from discovering new evidence when he would have discovered that information earlier had he or she exercised due diligence and some effort." *State v. Lenoir*, 2d Dist. Montgomery No. 26846, 2016-Ohio-4981, ¶ 24, citing *State v. Metcalf*, 2d Dist. Montgomery No. 26101, 2015-Ohio-3507, ¶ 11, citing *Warwick*.

(Emphasis added.) *DeVaughns* at ¶ 18-19.

{¶ 23} Jackson failed to show by clear and convincing evidence that he was unavoidably delayed in presenting a timely motion or prevented from discovering the "new evidence" upon which he relies, namely Exhibit 01. In *State v. Jackson*, 2d Dist. Montgomery No. 27272, 2017-Ohio-1304, ¶ 3, we noted that Jackson:

* * * filed a pro se document in the trial court on April 12, 2016 referencing the post-conviction relief statute, R.C. 2953.21, and requesting a new trial. * * * The trial court construed the 42-page document as a statutory petition for post-conviction relief. It concluded, however, that Jackson had not timely filed the petition and had not demonstrated being unavoidably prevented from discovering the facts upon which his five claims

for relief depended so as to justify a later filing.

{¶ 24} This Court noted as follows:

* * * With regard to the "unavoidably prevented" issue, the trial court concluded that Jackson's petition failed "to demonstrate he was unaware of the facts supporting his post-conviction claims or that he was unable, in the exercise of reasonable diligence, to discover such facts in a sufficiently timely fashion to meet the R.C. 2953.21(A)(2) filing requirement."   * * * More specifically, the trial court addressed each of Jackson's five claims and reasoned as follows:

Though Mr. Jackson's asserted claims in support of post-conviction relief are not particularly coherent, the first four claims relate, in one fashion or another, to Mr. Jackson's assertion that Cincinnati Bell cellular telephone records were obtained illegally, were not timely disclosed, and that Michael Monta, Mr. Jackson's trial attorney, was ineffective regarding the Cincinnati Bell records, or that the Cricket Wireless cellular telephone records obtained by the State were suppressed.  The Cincinnati Bell records were an issue at trial as reflected by the appellate decision resulting from Mr. Jackson's appeal of his various convictions.  *State v. Jackson*,

2012-Ohio-2335, ¶¶ 69-75 (2d Dist.)[1]. Mr. Jackson, as such, cannot credibly assert he was unaware of the facts relating to the Cincinnati Bell records or was unavoidably precluded from discovering the facts supporting his post-conviction claims which rely, in one way or the other, upon the Cincinnati Bell records.

The Cricket Wireless records were not, to this writer's recollection, a topic upon which trial testimony was received. Nonetheless, the record produced by Mr. Jackson reflects that the State, on June 29, 2010, provided the Cricket Wireless records to Mike Monta, Mr. Jackson's trial attorney. (Ex. D-1 attached to Dennis Jackson's Petition). This, of course, eliminates Mr. Jackson's contention the Cricket Wireless records were suppressed. Mr. Jackson, furthermore, does not explain how he, in the exercise of reasonable diligence, was unavoidably prevented from discovery of the Cricket Wireless records. In short, Mr. Jackson, as it relates to his Cincinnati Bell and Cricket Wireless assertions, has failed in his burden to establish that this court has the jurisdictional ability to entertain his petition seeking post-

---

[1] According to the 2012 *Jackson* opinion, Paula Papke testified that she "was a 'security analyst' and 'custodian of records' with Cincinnati Bell and, in that capacity, she was responsible for processing subpoenas and requests for records. She received such a subpoena from Detective Pigman regarding the records for multiple telephone numbers between March 10 and March 26, 2010." *Id.* at ¶ 73. "The records were pertinent to the State's case because they established that Jackson's cell phone signals were transmitted by towers in the vicinity of Trotwood in the hours before and after the shooting; Jackson told detectives that he had been in Kettering with the mother of one of his children at that time." *Id.* at ¶ 69.

conviction relief.

* * *

(Footnote added.) *Id.* at ¶ 5.

**{¶ 25}** As noted by this Court:

> * * * Res judicata "bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. In other words, "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." (Citations omitted.) *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

*State v. Sage*, 2d Dist. Montgomery 28519, 2020-Ohio-3575, ¶ 14.

**{¶ 26}** The trial court properly determined that Jackson "presented no new additional information" for the trial court to consider, since Jackson had previously argued that the Cincinnati Bell cellular phone records had been obtained illegally and had not been timely disclosed. As such, res judicata barred his arguments.

**{¶ 27}** Finally, we note that U.S. Supreme Court's decision in *Carpenter* "specifically addressed the government's ability to utilize cell phone data without a warrant to ascertain a suspect's location and movement over a period of weeks, months, and years" and concluded that "obtaining a CSLI without a warrant violates the Fourth Amendment." *State v. Snowden,* 2d Dist. Montgomery No. 28096, 2019-Ohio-3006, ¶ 29, 35. We further note that *Snowden* cited *Griffith v. Kentucky,* 479 U.S. 314, 328,

107 S.Ct. 708, 93 L.Ed.2d 649 (1987), where the Supreme Court "held that new rules for the conduct of criminal prosecutions must be 'applied retroactively to all cases, state or federal, *pending on direct review or not yet final*, with no exception for cases in which the new rule constitutes a 'clear break' with the past.' " (Emphasis added.) *Snowden* at ¶ 30. Jackson did not address *Carpenter*, and we agree with the State that it does not apply here.

{¶ 28} For the foregoing reasons, Jackson's assignments of error are overruled.

{¶ 29} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
J. Joshua Rizzo
Dennis D. Jackson
Hon. Gerald Parker