[Cite as *State v. Struckman*, 2022-Ohio-2848.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210640 |
| | | TRIAL NO. B-1502231 |
| Respondent-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| BUDDY STRUCKMAN, | : | |
| Petitioner-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:    August 17, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Buddy Struckman*, pro se.

**MYERS, Presiding Judge**.

{¶1}   Petitioner-appellant Buddy Struckman appeals the Hamilton County Common Pleas Court's judgment dismissing his petition under R.C. 2953.21 et seq. for relief from his 2018 convictions.  We affirm the court's judgment.

{¶2}   Struckman was convicted in 2018 of two counts of unlawful possession of a dangerous ordnance, specifically an automatic firearm and suppressor.  He unsuccessfully challenged his convictions on direct appeal, *State v. Struckman*, 1st Dist. Hamilton No. C-180287, 2020-Ohio-1232, *appeal not accepted*, 159 Ohio St.3d 1446, 2020-Ohio-3712, 149 N.E.3d 523, and in a postconviction motion filed in 2020. *See State v. Struckman*, 1st Dist. Hamilton No. C-200069, 2021-Ohio-1043, *appeal not accepted*, 165 Ohio St.3d 1456, 2021-Ohio-4033, 176 N.E.3d 759.

{¶3}   In this 2021 postconviction petition, Struckman seeks relief from his convictions, arguing that the state had either suppressed exculpatory evidence and/or knowingly misrepresented facts to the jury, and thus, violated his right to a fair trial. Specifically, Struckman contends that the contraband discovered during the search of the home located at 622 Maple Street led to a complaint against him in municipal court for possession of marijuana and drug paraphernalia and to a felony indictment for two counts of unlawful possession of a dangerous ordnance in the common pleas court. Although Struckman knew he had been acquitted of the drug charges following a bench trial, he maintains that he just recently discovered the reason for his acquittal, which was the municipal court's finding that "other people may have had access to the area where the drugs were found."  Struckman claims that the state suppressed, at his felony trial, the fact that he had been acquitted of possession of marijuana and the basis for his acquittal as well a police report which documented officers observing other people in and out of 622 Maple Street in August 2016.

{¶4}   To support his petition, Struckman submitted (1) the transcript from Struckman's trial in municipal court; (2) the mail log from the Ohio Department of

Corrections indicating that Struckman had received the transcript in April 2021; (3) the affidavit supporting the municipal complaint for possession of drugs; (4) an excerpt from the transcript of the felony trial where Struckman had questioned a police officer about others seen near 622 Maple Street and about the creation of an August 2016 incident report; and (5) the August 2016 incident report, completed by a city of Lockland police officer, detailing Struckman's complaint that someone had broken into the house at 622 Maple Street and the officer's observation of several males in and out of the house around that time.

{¶5} In his appeal from the dismissal of his petition, Struckman advances three assignments of error that can be reasonably read together to argue that the common pleas court erred by dismissing his petition when he had demonstrated that he was unavoidably prevented from discovering the evidence on which he now relies to support his claims and where that evidence demonstrates substantive grounds for relief. We disagree.

## No Jurisdiction to Entertain the Petition

{¶6} Struckman's 2021 postconviction petition was his second and was filed well after the time prescribed by R.C. 2953.21(A)(2) had expired. However, a common pleas court may entertain a late or successive postconviction petition if the petition satisfies the jurisdictional requirements of R.C. 2953.23. The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his claim depends, or that his claim is predicated upon a new, retrospectively applicable federal or state right recognized by the United States Supreme Court since the time for filing his claim had expired. R.C. 2953.23(A)(1)(a). And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b).

3

{¶7}    R.C. 2953.23 did not confer upon the common pleas court jurisdiction to entertain Struckman's late and successive postconviction claims.  Struckman has not claimed that his postconviction claims are based upon a new and retrospectively applicable right recognized by the United States Supreme Court.  And Struckman has not demonstrated that he was unavoidably prevented from discovering the evidence upon which he now relies.  In fact, the evidence he attaches to his petition to support his postconviction claims was available to him prior to or at his felony trial.   With respect to the transcript of the bench trial in municipal court and the affidavit underlying the complaint, both were available to Struckman, even if he did not gather the information prior to trial.  And, he was present at all stages of the municipal court trial, having access to both the court's oral statements and its journal entries as well as the transcript.  With respect to the excerpt from the transcript of the felony trial, this demonstrates that the August 2016 incident report was not suppressed but that Struckman had learned of it at trial and had the opportunity to access it at that time.  Additionally, Struckman did not demonstrate that the state had suppressed the fact that he had been acquitted of the drug changes filed in municipal court where the municipal court judgment entry, showing a finding of not guilty of possession of marijuana and drug paraphernalia, was submitted as an exhibit at Struckman's felony trial.

{¶8}    All the evidence which Struckman submits in support of his postconviction claims was either known or made known to him at the time of his trial, and thus, he cannot not show that the evidence was either suppressed or that he was unavoidably prevented from discovering the evidence upon which he now relies.

**Conclusion**

4

**{¶9}** Because Struckman failed to satisfy R.C. 2953.21's time requirements and R.C. 2953.23's jurisdictional requirements, the common pleas court properly dismissed his postconviction petition. We, therefore, overrule the assignments of error and affirm the judgment of the common pleas court.

Judgment affirmed.

**WINKLER** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.