[Cite as *State v. Struckman*, 2023-Ohio-3582.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220658 |
| | | TRIAL NO. B-1502231 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| BUDDY STRUCKMAN, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: October 4, 2023


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Buddy Struckman*, pro se.

**Bock, Judge**.

**{¶1}**   Defendant-appellant Buddy Struckman appeals the Hamilton County Common Pleas Court's judgment denying his Crim.R. 33(B) motion for leave to file a new-trial motion and his motion for summary judgment. We affirm.

I.

**{¶2}**   Following a jury trial, Struckman was convicted in May 2018 of two counts of unlawful possession of a dangerous ordnance, specifically an automatic firearm and suppressor, and sentenced to a seven-year prison term. This court affirmed his convictions on appeal, holding that there was sufficient evidence presented that Struckman had exercised dominion and control over the area (a safe in a closet) where the dangerous ordnances were found and that he would have been aware of their presence. *State v. Struckman*, 1st Dist. Hamilton No. C-180287, 2020-Ohio-1232, *appeal not accepted*, 159 Ohio St.3d 1446, 2020-Ohio-3712, 149 N.E.3d 523 *("Struckman I")*. Struckman unsuccessfully challenged his convictions in postconviction proceedings in 2019 and 2021. *See State v. Struckman*, 1st Dist. Hamilton Nos. C-200069 and C-200210, 2021-Ohio-1043 (*"Struckman II"*) (affirming denial of postconviction relief where claims of ineffective assistance of counsel were barred by res judicata); *State v. Struckman*, 1st Dist. Hamilton No. C-210640, 2022-Ohio-2848 (*"Struckman III"*) (common pleas court lacked jurisdiction to consider successive postconviction petition where petitioner had not been unavoidably prevented from discovering the evidence upon which his claims were based).

**{¶3}**   In October 2022, Struckman filed a "Motion for Leave to Proceed" seeking leave under Crim.R. 33(B) to file a motion for a new trial based on newly discovered evidence. In support, Struckman attached the following to his motion for leave:  (1) this court's opinion in *Struckman I*; (2) *Lucas v. Hamilton Cty. Mun. Court*, S.D.Ohio No. 1:12-cv-138, 2012 U.S. Dist. LEXIS 76744 (Jun. 4, 2012); (3) excerpts

from the transcript of his 2018 felony trial; (4) excerpts from the transcript of his 2017 misdemeanor trial; (5) the affidavit for his arrest; and (6) the exhibit list from his 2018 felony trial.

{¶4} Struckman argues that this evidence demonstrates that he was not the only person who had access to the house at 622 Maple Street where the dangerous ordnances were found. Specifically, he points to excerpts from his 2017 misdemeanor trial for drug offenses that stemmed from items found on a table during the search of the residence at 622 Maple Street. Struckman, in his 2017 trial, was acquitted of those charges after the trial court had found that "other people may have had access to the area where the drugs were found." Struckman believes that he should have been acquitted of the felony charges for the same reason even though the drugs were found in the open living room area of the residence and the dangerous ordnances were found in a safe in what appeared to be a locked closet. Because he was found guilty of constructively possessing the dangerous ordnances in his 2018 felony trial, Struckman argues that his constitutional protections against double jeopardy were violated, and he was denied a fair trial.

{¶5} When the state did not file a timely response to his motion for leave, Struckman moved for "summary of judgment," asking the common pleas court to grant his motion for leave. The court summarily denied both motions.

II.

{¶6} Bringing forth three assignments of error, Struckman now appeals from the court's judgment. In his first and second assignments of error, Struckman contends that the common pleas court erred by denying his Crim.R. 33(B) motion for leave and his motion for summary judgment.

{¶7} We review the denial of a Crim.R. 33(B) motion for leave under an abuse-of-discretion standard. *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, 205 N.E.3d 513, ¶ 29. Crim.R. 33(A) states: "A new trial may be granted on motion of

the defendant for any of the following causes affecting materially the defendant's substantial rights: * * * (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Generally, a motion for a new trial based on newly discovered evidence must be filed within 120 days after the jury rendered its verdict or the trial court issued its decision if the defendant waived the right to a jury trial. Crim.R. 33(B). Here, the jury verdict in Struckman's felony trial was rendered on May 3, 2018. Therefore, he is beyond the 120-day time period for filing a motion for a new trial.

{¶8}    An untimely motion for a new trial based on newly discovered evidence may be filed if the defendant first establishes by clear and convincing evidence that he was unavoidably prevented from discovering the evidence within the 120-day period. *Id.* A party is "unavoidably prevented" from filing a motion for a new trial if "the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. McKnight*, 2021-Ohio-2673, 176 N.E.3d 802, ¶ 11 (4th Dist.), citing *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984).

{¶9}    Struckman argues that the evidence he attached to his motion could not have been discovered during the 120-day time period in the exercise of reasonable diligence. We disagree. All of the "evidence" attached to Struckman's motion for leave, except for this court's decision in *Struckman I*, was available to him before or at his felony trial or within 120 days from the guilty verdict, regardless of whether Struckman had taken the time to gather that information. With respect to our opinion in *Struckman I*, this is not "new evidence." Although Struckman was unaware that this court would affirm his convictions, he was aware of all of the facts noted in the opinion and that he had been convicted of possessing dangerous ordnances and acquitted of misdemeanor drug charges. Accordingly, he was aware of the grounds of his motion

4

for a new trial within the 120-time period and was not unavoidably prevented from filing a timely new-trial motion. *See State v. Risden*, 2d Dist. Montgomery No. 25234, 2013-Ohio-1823, ¶ 13.

{¶10} Additionally, the common pleas court did not err in overruling Struckman's motion for summary judgment, which was essentially a request that the court rule on his Crim.R. 33(B) motion for leave. Although Struckman argues that the common pleas court should not have considered the state's untimely response to his Crim.R. 33(B) motion for leave, regardless of whether the court did, the court properly denied Struckman's motion for leave as Struckman failed to demonstrate that he was unavoidably prevented from timely filing a new-trial motion. Accordingly, the first and second assignments of error are overruled.

### III.

{¶11} In his third assignment of error, Struckman contends that he should be granted a new trial because the state violated "U.S. Constitutional Amendments X, XIV, FAIR TRIAL, DUE PROCESS, DOUBLE JEOPARDY, [and] EQUAL PROTECTIONS." We do not address this assignment of error because it goes to the merits of Struckman's new-trial motion, which the common pleas court did not consider. And we are unable to reach the merits of the new-trial motion as well. *See State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶ 41 (holding that "until a trial court grants leave to file a motion for a new trial, the [untimely filed] motion for a new trial is not properly before the court.").

### IV.

{¶12} In conclusion, because Struckman failed to show that he was unavoidably prevented from discovering the grounds underlying his new-trial motion within the requisite time frame, we affirm the common pleas court's judgment.

Judgment affirmed.

**WINKLER, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.